UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                        :

UNITED STATES OF AMERICA         :
                        :

         -v-             :
                        :

ANTHONY SERRANO,           :
                        :

       Defendant.       :

------------------------------------------------------------X

| **Final** |
| :---: |

13-cr-58 (KBF)

## JURY CHARGE

## Table of Contents

INTRODUCTORY INSTRUCTIONS ........................................................... 1
Role of the Court ............................................................................... 1
Role of the Jury ................................................................................. 2
Statements of Counsel and Court Not Evidence;  Jury's Recollection Controls ...... 3
Improper Considerations .................................................................... 4
The Parties ........................................................................................ 5
Presumption of Innocence and Burden of Proof ................................ 6
Reasonable Doubt ............................................................................. 7
The Indictment ................................................................................. 9
GENERAL INSTRUCTIONS ................................................................ 10
Direct and Circumstantial Evidence ................................................ 10
Inferences ........................................................................................ 12
Credibility of Witnesses .................................................................. 14
Defendant's Testimony .................................................................... 17
Law Enforcement Witnesses ........................................................... 18
Accomplice/Cooperating Witness Testimony .................................. 19
Use of Informants ............................................................................ 21
Similar Acts ..................................................................................... 22
Persons Not on Trial ........................................................................ 23
Preparation of Witnesses ................................................................ 24
Investigative Techniques ................................................................. 25
Use of Recordings and Transcripts ................................................. 26
Expert Testimony ............................................................................. 27
Stipulations ..................................................................................... 28
Uncalled Witnesses Equally Available ............................................ 29
CHARGE ............................................................................................ 30
Summary of the Indictment ............................................................ 30
Count One: Overview of the Elements ............................................ 31
Count One, First Element: Existence of the Conspiracy .................. 33
Count One, First Element: Object of the Conspiracy ....................... 35
Count One, Second Element: Participation in the Conspiracy .......... 38
Count One, Second Element: Extent of Participation ....................... 39
Count One: Additional Issues to Decide ......................................... 41
Count Two: Overview of the Elements ............................................ 42
Count Two, First Element: Existence of the Conspiracy .................. 43
Count Two, First Element: Object of the Conspiracy ....................... 44
Count Two, First Element: Object of the Conspiracy, Robbery—
   Property of Another ..................................................................... 45
Count Two, First Element: Object of the Conspiracy, Robbery—
   Taking by Actual or Threatened Force, Violence or Fear .............. 46

i

Count Two, First Element: Object of the Conspiracy, Robbery—
   Interference with Commerce ........................................................... 48
Count Two, Second Element: Participation in the Conspiracy ............................. 51
Counts One and Two: Liability for Acts and Declarations of Co-Conspirators ..... 52
Count Three: General Instructions........................................................... 53
Count Three: Overview of the Elements ................................................. 54
Count Three, First Element—"Using," "Carrying," "Possessing," and "Aiding and
   Abetting"........................................................................................... 55
Count Three, Second Element: During And In Relation To A Crime Of Violence Or
   Drug Trafficking Crime ..................................................................... 60
Count Three, Third Element: "Knowingly" ........................................... 61
Count Three: Brandishment ................................................................... 62
Count Three: Guilt of Substantive Offense—Pinkerton Liability......................... 63
OTHER INSTRUCTIONS .......................................................................... 65
Variance in Dates ................................................................................. 65
Venue .................................................................................................... 66
Sympathy .............................................................................................. 68
Punishment............................................................................................ 69
Juror Note-Taking ................................................................................. 70
CONCLUDING REMARKS ....................................................................... 71

## INTRODUCTORY INSTRUCTIONS

<u>Role of the Court</u>

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.  My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you.  Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.  If an attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You should not single out any instruction alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.  You may take a copy of these instructions with you into the jury room.

1

<u>Role of the Jury</u>

Your role is to pass upon and decide the fact issues that are in the case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

The evidence before you consists of the answers given by witnesses and the exhibits and stipulations that were received into evidence. In determining the facts, you must rely upon your own recollection of the evidence. I will instruct you at the end of these charges about your ability to request to have testimony read back and your access to other evidence admitted during the trial.

<u>Statements of Counsel and Court Not Evidence;</u>
<u>Jury's Recollection Controls</u>

What the lawyers have said in their opening statements, in their objections, and in their questions, and what they may say in their closing arguments, is not evidence.  You should bear in mind particularly that a question put to a witness is never evidence.  Only the answer is evidence.  If a witness affirms a particular fact in a question by answering "yes," you may consider that fact as agreed on by the witness; the weight that you give that fact is up to you.

Nor are you to substitute anything that I may have said during the trial or during these instructions with respect to facts for your own independent recollection.  What I say is not evidence.  If I have sustained an objection to a question or stricken testimony, any stricken answers given by a witness are no longer part of the evidence in this case, and you may not consider them.

You should draw no inference or conclusion for or against any party because of lawyers' objections.  Counsel have not only the right but the duty to make legal objections when they think that such objections are appropriate.

Also, do not draw any inferences from any of my rulings.  The rulings I have made during trial are not any indication of my views of what your decision should be as to whether or not the Government has proven the defendant guilty of any of the crimes charged beyond a reasonable doubt.  You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, because of any comment, question, or instruction of mine.

3

## Improper Considerations

Your verdict must be based solely upon the evidence, or the lack of evidence. It would be improper for you to consider any personal feelings you may have about the defendant's race, ethnicity, or national origin.  It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

I also want to remind you that before each of you was accepted and sworn to act as a juror, you were asked questions concerning competency, qualifications, fairness, and freedom from prejudice and bias.  On the faith of those answers, you were accepted as jurors by the parties.  Therefore, those answers are as binding on each of you now as they were then, and should remain so, until the jury is discharged from consideration of this case.

## The Parties

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that given to any other party to a litigation.  By the same token, the Government is entitled to no less consideration.

## Presumption of Innocence and Burden of Proof

The defendant has pleaded not guilty to the charges in the Indictment.  As a result, the burden is on the Government to prove the defendant's guilt beyond a reasonable doubt.  This burden never shifts to the defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of testifying, or calling any witness, or locating or producing any evidence.

The law presumes a defendant to be innocent of the charges.  This presumption was with the defendant when the trial began and remains with the defendant unless and until you are convinced that the Government has proved the defendant's guilt beyond a reasonable doubt.

<u>Reasonable Doubt</u>

The question that naturally arises is, "What is a reasonable doubt?"  What does that phrase mean?  The words almost define themselves.  A reasonable doubt is a doubt based in reason and arising out of the evidence in the case, or the lack of evidence.  It is a doubt that a reasonable person has after carefully weighing all of the evidence in the case.

Reasonable doubt is a doubt that appeals to your reason, your judgment, your experience, and your common sense.  If, after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you are not satisfied with the guilt of the defendant you are considering, that you do not have an abiding and firm belief of that defendant's guilt; in other words, if you have such a doubt as would reasonably cause a prudent person to hesitate in acting in matters of importance in his or her own affairs, then you have a reasonable doubt, and in that circumstance, it is your duty to find the defendant not guilty.

On the other hand, if, after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you do have an abiding belief of the defendant's guilt, such a belief as a prudent person would not hesitate to rely upon in important matters in the personal affairs of his or her own life, then you have no reasonable doubt, and under such circumstances it is your duty to find the defendant guilty.

One final word on this subject:  Reasonable doubt is not whim or speculation.  It is not an excuse to avoid the performance of an unpleasant duty.  Nor is it

7

sympathy for the defendant you are considering.  "Beyond a reasonable doubt" does not mean a positive certainty, or beyond all possible doubt.  After all, it is virtually impossible for a person to be absolutely and completely convinced of any contested fact that by its nature is not subject to mathematical proof and certainty.  As a result, the law in a criminal case is that it is sufficient if the guilt of the defendant is established beyond a reasonable doubt, not beyond all possible doubt.

## The Indictment

The defendant, Anthony Serrano, has been formally charged in what is called an "Indictment."

As I instructed you at the outset of this trial, the Indictment is simply an accusation.  It is no more than the means by which a criminal case is started. It is not evidence.  It is not proof of the defendant's guilt.  It creates no presumption, and it permits no inference that the defendant is guilty of the crimes charged.

You are to give no weight to the fact that an Indictment has been returned against the defendant.

I will not read the entire Indictment to you at this time.  Rather, in a moment, I will summarize the charges in the Indictment and then explain in detail the elements of each crime that is charged.

## GENERAL INSTRUCTIONS

### Direct and Circumstantial Evidence

There are two types of evidence that you may use in reaching your verdict. One type of evidence is direct evidence. One kind of direct evidence is a witness's testimony about something that he or she knows by virtue of his or her own senses—something that the witness has seen, smelled, touched, or heard. Direct evidence may also be in the form of an exhibit.

The other type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove one fact by proof of other facts.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may explain the water on the sidewalk. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

That is all there is to circumstantial evidence. You infer based on reason, experience, and common sense from an established fact the existence or the nonexistence of some other fact.

Let me give you another example. Imagine that you are on a deserted island. You've been all alone there for five years. One day, you see footprints in the sand— human footprints—of a foot several sizes larger than your own. You have not seen a person, but, based on the footprint, you are able to "put two and two together" and

10

you determine that you are no longer alone.  Someone else is now on the island with you.  That deduction on your part, based on circumstantial evidence, constitutes your determination of a fact.

Many facts, such as a person's state of mind, can only rarely be proven by direct evidence.  Circumstantial evidence is of no less value than direct evidence.  It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that, before convicting the defendant, you, the jury, must be satisfied of the defendant's guilt beyond a reasonable doubt from all the evidence in the case.

<u>Inferences</u>

During the trial, and as I give you these instructions, you have heard and will hear the term "inference."  For instance, in their closing arguments, the attorneys have asked you to infer, based on your reason, experience, and common sense, from one or more established facts, the existence of some other fact.  I have instructed you on circumstantial evidence and that it involves inferring a fact based on other facts, your reason, and common sense.

What is an "inference"?  What does it mean to "infer" something?  An inference is not a suspicion or a guess.  It is a reasoned, logical decision to conclude that a disputed fact exists based on another fact that you know exists.

There are times when different inferences may be drawn from facts, whether proven by direct or circumstantial evidence.  The Government asks you to draw one set of inferences, while the defense asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion that you, the jury, are permitted but not required to draw from the facts that have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

Therefore, while you are considering the evidence presented to you, you may draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

12

Some inferences, however, are impermissible.  You may not infer that the defendant is guilty of participating in criminal conduct merely from the fact that he was present at the time the crime was being committed and had knowledge that it was being committed.  Nor may you use evidence that I have instructed you was admitted for a limited purpose for any inference beyond that limited purpose.

In addition, you may not infer that the defendant is guilty of participating in criminal conduct merely from the fact that he associated with other people who were guilty of wrongdoing or merely because he has or had knowledge of the wrongdoing of others.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict the defendant of any of the crimes charged.

13

<u>Credibility of Witnesses</u>

Now for the important subject of evaluating testimony.  How do you evaluate the credibility or believability of the witnesses?  The answer is that you use your plain common sense.  Common sense is your greatest asset as a juror.  You should ask yourselves, did the witness impress you as honest, open, and candid?  Or did the witness appear evasive, or as though the witness were trying to hide something?  How responsive was the witness to the questions asked on direct examination and on cross-examination?

If you find that a witness is intentionally telling a falsehood, that is always a matter of importance that you should weigh carefully.  If you find that any witness has lied under oath at this trial, you should view the testimony of such a witness cautiously and weigh it with great care.  It is, however, for you to decide how much of the witness's testimony, if any, you wish to believe.  Few people recall every detail of every event precisely the same way.  A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects.  It is for you to determine whether such inconsistencies are significant or inconsequential, and whether to accept or reject all or to accept some and reject the balance of the testimony of any witness.

On some occasions during this trial, witnesses were asked to explain an apparent inconsistency between testimony offered at this trial and previous statements made by the witness.  It is for you to determine whether a prior statement was inconsistent, and if so, how much (if any) weight to give to an

14

inconsistent statement in assessing the witness's credibility at trial.  You may consider evidence of a witness's prior inconsistent statement only insofar as it relates to that witness's credibility.

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.  This is not to suggest that any witness who has an interest in the outcome of a case would testify falsely.  It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

You are not required to accept testimony even though the testimony is uncontradicted and the witness's testimony is not challenged.  You may decide because of the witness's bearing or demeanor, or because of the inherent improbability of the testimony, or for other reasons sufficient to yourselves that the testimony is not worthy of belief.  On the other hand, you may find, because of a witness's bearing and demeanor and based upon your consideration of all the other evidence in the case, that the witness is truthful.

Thus, there is no magic formula by which you can evaluate testimony.  You bring to this courtroom all your experience.  You determine for yourselves in many

15

circumstances the reliability of statements that are made by others to you and upon which you are asked to rely and act.  You may use the same tests here that you use in your everyday lives.  You may consider the interest of any witness in the outcome of this case and any bias or prejudice of any such witness, and this is true regardless of who called or questioned the witness.

<u>Defendant's Testimony</u>

A defendant in a criminal case does not have a duty to testify or come forward with any evidence.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to the defendant.  The defendant is never required to prove that he is innocent.

In this case, the defendant, Anthony Serrano, chose not to testify.  You must not attach any significance to the fact that the defendant did not testify.  I instruct you that no adverse inference against the defendant may be drawn by you because he did not take the witness stand, and you may not consider it in any way in your deliberations in the jury room.

17

Law Enforcement Witnesses

You have heard the testimony of law enforcement officials. The fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness.

At the same time, it is legitimate for defense counsel to try to attack the credibility of a law enforcement witness.  And, as I have said, it is for you—the fact finders in this case—to determine issues relating to credibility.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

18

<u>Accomplice/Cooperating Witness Testimony</u>

You have heard from a witness who testified that he committed crimes.  Let me say a few things that you want to consider during your deliberations on the subject of what we call cooperating witnesses.

Cooperating witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of the witness's recollection, the witness's background, and the extent to which the testimony is or is not corroborated by other evidence in the case.

You may consider whether the cooperating witness, like any other witness called in this case, has an interest in the outcome of the case and, if so, whether it has affected his or her testimony.

You also heard testimony about an agreement between the Government and the cooperating witness.  I must caution you that it is no concern of yours why the Government made an agreement with a witness.  However, the existence of the agreement itself and its effect on the witness may be considered by you in determining credibility.  Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of cooperating witnesses, you should ask yourselves whether the cooperating witness would benefit more by lying, or by telling the truth.  Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely?  Or

19

did he believe that his interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause him to lie, or was it one which would cause him to tell the truth?  Did this motivation color his testimony?

If you find that the testimony was false, you should reject it.  However, if, after a cautious and careful examination of the cooperating witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or may disregard all of it.  That is a determination entirely for you, the jury.

You have also heard testimony that the cooperating witness pled guilty to charges arising out of the same facts that are at issue in this case.  You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that a Government witness pled guilty to similar charges.  The decision of that witness to plead guilty was a personal decision that witness made about his own guilt.  It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

## Use of Informants

There has been testimony before you about the use of informants. Informants are frequently used by the Government to obtain leads and to gain introduction to people suspected of violating the law.  There are certain types of crimes where, without the use of informants, detection would be extremely difficult. Because this law enforcement technique is lawful, your personal view on its use—whether you approve or disapprove—is beside the point and must not affect your evaluation of the evidence in the case.

<u>Similar Acts</u>

The Government has offered evidence regarding the defendant's participation, on July 28, 2013 in the planning of a burglary and a cargo theft, and his participation in the sale of stolen cargo with Victor Moral in or about 2010 and 2011. The defendant is not here on trial for these acts. Accordingly, you may not consider this evidence as a substitute for proof that the defendant committed any of the crimes with which he is charged in the Indictment, nor may you consider this evidence as proof that he has a criminal personality or bad character.

This evidence was admitted for a much more limited purpose, and you may consider it for that limited purpose only. You may but are not required to draw an inference from the evidence regarding the defendant's alleged participation on July 28, 2013 in the planning of a burglary and a cargo theft that the defendant had a particular way of doing things, or "<u>modus operandi</u>," with respect to the crimes charged in the Indictment. In addition, you may but are not required to consider the evidence that the defendant participated in the sale of stolen cargo in or about 2010 and 2011 with Victor Moral as background evidence to the development of the relationship between the defendant and Victor Moral. This evidence may not be considered by you for any other purposes. Specifically, you may not use this evidence to conclude that the defendant must have committed the crimes charged in the Indictment.

<u>Persons Not on Trial</u>

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant on trial, from the fact that certain persons were not named as a defendant in the Indictment.  The fact that these persons are not on trial here must play no part in your deliberations.

Whether a person should be named as a co-conspirator or indicted as a defendant is a matter within the sole discretion of the United States Attorney and the grand jury.  Therefore, you may not consider it in any way in reaching your verdict as to the defendant on trial.

<u>Preparation of Witnesses</u>

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the Government lawyers or his own lawyer before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I instruct you that there is nothing either unusual or inherently improper about a witness meeting with the Government lawyers or his own lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultations.

The weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

<u>Investigative Techniques</u>

You have heard reference through the questioning to the fact that certain investigative techniques were used by the Government.  There is no legal requirement, however, that the Government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why law enforcement authorities used the techniques they did.

Your concern is whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

<u>Use of Recordings and Transcripts</u>

You have heard tape recordings of telephone conversations.  There is nothing illegal about the Government's use of recordings in this case and you may consider the conversations contained on the tape recordings along with all the other evidence in the case.  Whether you approve or disapprove of the interception and recording of these conversations may not enter your deliberations.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant.

The parties have shown you typed transcripts and subtitles of certain audio recordings.  The recordings themselves have been received as evidence.  The transcripts and subtitles are not evidence; they were provided to you as an aid or guide to assist you in listening to the recordings.  As you may recall, when the recordings were played, I advised you to listen very carefully to the recordings themselves.  You alone should make your own interpretation of what you heard on the recordings.  If you think you heard something different from what was typed on the transcript or in the subtitles, then what you heard is controlling.

26

Expert Testimony

You have heard testimony from what we call an expert witness.  Such a witness is permitted to express his opinions on matters about which he has specialized knowledge and training.  The parties present expert testimony to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing an expert's testimony, you may consider the expert's qualifications, his opinions, and his reasons for testifying, as well as all the other considerations that ordinarily apply, including all the other evidence in the case.  You may give expert testimony whatever weight, if any, that you find that it deserves in light of all the evidence in this case.  However, you should not accept witness testimony simply because the witness is an expert.  Nor should you substitute such testimony for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

27

<u>Stipulations</u>

You have heard some evidence in the form of what are called "stipulations of fact." A stipulation of fact is an agreement among the parties that a certain fact is true. You should regard such agreed facts as true.

<u>Uncalled Witnesses Equally Available</u>

You have heard the names of several people during the course of the trial who did not appear here to testify and one or more of the attorneys may have referred to their absence.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  However, the Government bears the burden of proof, the defendant does not bear the burden of proof.  Therefore, you should not draw any inferences or reach any conclusions as to what these persons would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

29

## CHARGE

<u>Summary of the Indictment</u>

The defendant, Anthony Serrano, has been formally charged in a document called an Indictment.  As I instructed you at the outset of this case, an Indictment is a charge or accusation.  It is not evidence.  Here, the Indictment contains three counts: two of the counts charge <u>conspiracies</u>, one count relates to a firearm.  Each of these counts constitutes its own separately charged crime, and you must consider each separately.  Let me walk through them.

Count One charges Anthony Serrano with participating in a conspiracy to distribute or possess with intent to distribute a controlled substance—here, heroin and/or cocaine.  That conspiracy is alleged to have existed from at least in or about 2012 up through and including on or about July 31, 2013.

Count Two charges Serrano with participating in a conspiracy to commit a robbery, the object of which was to rob individuals believed to be engaged in narcotics trafficking.  That conspiracy is also alleged to have existed during the same time period.

Count Three charges Serrano with carrying a firearm during and in relation to, or possessing a firearm in furtherance of, the narcotics conspiracy charged in Count One and the robbery conspiracy charged in Count Two, or aiding and abetting another doing the same.

I will discuss the elements that the Government must prove for each of these counts now.

30

<u>Count One: Overview of the Elements</u>

As I said, Count One charges the defendant with participating in a conspiracy to violate the narcotics laws of the United States.  In order to find the defendant guilty of this count, you must find that the Government has proven beyond a reasonable doubt the following two elements:

<u>First</u>, that the conspiracy charged in the Indictment existed—that is, an agreement or understanding between two or more persons existed from in or about 2012 through on or about July 31, 2013, to achieve some unlawful end—that is, to do something.  The unlawful end is called the "object" of the conspiracy.  Every conspiracy must have one or more objects or goals.  In Count One, the object charged is that the defendant and others intentionally and knowingly agreed to distribute or to possess with intent to distribute a controlled substance, here, heroin and/or cocaine.

Therefore, the first question for you is:  Did the conspiracy alleged in the Indictment exist?  Was there such a conspiracy?

<u>Second</u>, the Government must prove beyond a reasonable doubt that the defendant intentionally and knowingly became a member of the conspiracy charged; that is, that he knowingly participated in the conspiracy to distribute or possess with the intent to distribute narcotics with knowledge of its objects and with an intent to further the aims of the conspiracy.

Before I explain the elements of conspiracy in greater detail, let me make one point:  in considering a conspiracy charge you do not have to find that the actual

31

substantive crime that is the object of the conspiracy has been committed—here, an

actual distribution or possession with intent to distribute narcotics, or an actual

robbery.  It is the <u>agreement</u> itself—the agreement with others to commit the

crime—along with the other elements of conspiracy, that the law forbids and defines

as a crime.

<u>Count One, First Element: Existence of the Conspiracy</u>

How do you determine whether a conspiracy "existed"?  Simply defined, a conspiracy is an agreement by two or more persons to violate the law.

A conspiracy has sometimes been called a partnership for criminal purposes in which each partner becomes the agent of every other partner.

To establish the existence of a conspiracy, however, the Government is not required to show that two or more people sat around a table and entered into a formal contract.  Indeed, it would be extraordinary if there were such a formal document or specific agreement.  From its very nature a conspiracy is almost always characterized by secrecy and concealment.  It is sufficient if two or more persons, in any manner, whether they say so directly or not, come to a common understanding to violate the law.  Express language or specific words are not required to indicate agreement to or membership in a conspiracy.

It is not necessary that a conspiracy actually succeed in its purpose for you to conclude that it existed.  If a conspiracy exists, even if it should fail in its purpose, it is still a crime.  In determining whether there has been an unlawful agreement, you may judge the acts and conduct of the alleged members of the conspiracy that are done to carry out an apparent criminal purpose.  The adage "actions speak louder than words" is applicable here.

If, upon consideration of all the evidence, direct and circumstantial, you find beyond a reasonable doubt that the minds of two or more of the conspirators met (we call this sometimes "a meeting of the minds")—that is, that they agreed, as I

33

have explained a conspiratorial agreement to you, to work together in furtherance of the unlawful scheme alleged in the Indictment—then proof of the existence of the conspiracy is established.

<u>Count One, First Element: Object of the Conspiracy</u>

Let's talk about the "object" of the conspiracy. As I said, in order to find the defendant guilty of the conspiracy charged in the Indictment, you must find that the Government has also met its burden of proof with respect to what it has charged or asserted was the "object," or goal, of the conspiracy. Put another way, what did the conspirators want to achieve? What was their unlawful end?

In Count One, the Government charges that the object or goal of the conspiracy was either to distribute, or to possess with intent to distribute, a controlled substance. Heroin and cocaine are a controlled substance.

Thus, to find that the Government has met its burden of proof with respect to Count One, the Government must prove that a goal or object of the conspiracy (whether it succeeded or not) was the goal of distributing, or possessing with intent to distribute, heroin and/or cocaine. "To distribute" means just that—"to distribute." When one has the object or goal to "distribute" something to someone else, one has the object or goal of transferring it. "Possession" also means just that—to have possession or to possess. Now, to have the object to possess or to have custody or control of something—such as a controlled substance—does not mean it has to physically be on someone's person. And, more than one person can possess the same thing; the key is that to have the object to possess something means a person must have the object of exercising some control over it.

If you have determined that the object of the conspiracy was to possess a controlled substance, you must then make a determination as to the drug types and

35

quantities.  In making your determination about the type and quantity of any controlled substance involved in the conspiracy charged in Count One, you should include whatever type and quantity of controlled substance were involved in any act or acts in which the defendant personally and directly participated.  That is, if you find that the defendant personally and directly participated in a jointly undertaken drug transaction, he is personally responsible for the full quantity of drugs involved in that transaction, whether or not he knew the specific type or quantity involved in the transaction and whether or not the type and quantity were reasonably foreseeable to him.

In making your determination about type and quantity, however, you should also include any other controlled substances the conspiracy involved so long as the type and quantity were either known to the defendant or reasonably foreseeable to him, and within the scope of the criminal activity that he jointly undertook. Reasonably foreseeable means that the defendant could have reasonably anticipated the type and quantity of drugs involved in the conspiracy.  I will come back to quantity in a moment.

If you find that an object of the conspiracy charged in this Count was to possess a controlled substance, then you must decide whether an object of the conspiracy included an intent to distribute it.  In order to establish this element, the Government must prove beyond a reasonable doubt that an object of the conspiracy was to control the controlled substance with the purpose or intention of transferring it to another person.  Here again, you must determine that the Government has

36

demonstrated that the defendant intended to distribute a quantity of heroin and/or cocaine.

Now, let me be clear: the Government need prove only that the object of the conspiracy was to distribute the controlled substance <u>or</u> to possess the controlled substance with the intent to distribute it.  The Government can, but need not, prove both.  You must be unanimous, however, as to which object was proven beyond a reasonable doubt to have been the object of the conspiracy.

<u>Count One, Second Element: Participation in the Conspiracy</u>

If you find beyond a reasonable doubt that the conspiracy charged in Count One of the Indictment existed, you must then determine whether the defendant intentionally and knowingly became a member of that conspiracy.

You must determine <u>not only</u> whether the defendant participated in the conspiracy, but also whether he did so intentionally and knowingly—that is, did he participate in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering the objective of that conspiracy.

Knowledge is a matter of inference from facts proved. A person acts "intentionally" and "knowingly" if he acts purposely and deliberately and not because of mistake or accident, mere negligence, or other innocent reason. That is, the acts must be the product of the defendant's conscious objective.

If you find that the conspiracy existed (that is, the element we discussed a few moments ago), and that the defendant participated intentionally and knowingly in it, the extent of the defendant's participation has no bearing on whether or not he is guilty. The fact that a defendant's participation in a conspiracy was more limited than that of a co-conspirator should not affect your verdict.

Ultimately, the question is this: Has the Government proven beyond a reasonable doubt that the defendant joined the conspiracy charged in the count you are considering—that he intentionally and knowingly participated in it with the awareness of its basic purpose and as something he wished to bring about?

38

Count One, Second Element: Extent of Participation

As I have just said, the <u>extent</u> of the defendant's participation in the conspiracy charged in the Indictment has no bearing on the issue of the defendant's guilt.  He need not have joined the conspiracy at the outset.  But, he must, at some point during its progress, have joined the conspiracy with knowledge as to its general scope and purpose.

If he did join with such knowledge at any time while it was in progress, he may still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member.  Indeed, each member of a conspiracy may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles, while others play minor parts in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you, however, that the defendant's mere presence at the scene of an alleged crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of a conspiracy, even coupled with knowledge that such other person is acting unlawfully, does not automatically make the defendant a member.  A person may know, be related to, or be friendly with, a conspirator, without being a conspirator himself.  Mere similarity of conduct or the fact that the defendant may have assembled together with others and discussed common aims and interests does not necessarily establish proof of the

39

existence of a conspiracy. I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient.

Moreover, the fact that the acts of the defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, you must decide that, with an understanding of the unlawful character of the conspiracy, the defendant intentionally engaged, advised or assisted in the conspiracy for the purpose of furthering the illegal undertaking. If you make this determination, the defendant thereby became a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

<u>Count One: Additional Issues to Decide</u>

In the event you find that the Government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged in Count One, then there are three more questions you must answer concerning the quantity of the controlled substances that the defendant agreed to distribute with the other members of the conspiracy charged in Count One:

- Did the Government prove beyond a reasonable doubt that the defendant conspired to distribute or possess with intent to distribute 1 kilogram or more of heroin?

- Did the Government prove beyond a reasonable doubt that the defendant conspired to distribute or possess with intent to distribute 100 grams or more of heroin?

- Did the Government prove beyond a reasonable doubt that the defendant conspired to distribute or possess with intent to distribute 500 grams or more of cocaine?

You will be provided with a verdict form that will include spaces for you to indicate your determinations with respect to these questions.

<u>Count Two: Overview of the Elements</u>

As I stated, Count Two charges the defendant with participating in a conspiracy to commit armed robbery of individuals believed to be engaged in narcotics trafficking—that is, who had a quantity of heroin and/or cocaine.  To find the defendant guilty of this count, you must find that the Government has proven beyond a reasonable doubt the following two elements:

<u>First</u>, that this conspiracy as charged in the Indictment existed—that is, an agreement or understanding between two or more persons existed from in or about 2012 through on or about July 31, 2013 to intentionally and knowingly commit a robbery.

<u>Second</u>, that the defendant intentionally and knowingly became a member of that conspiracy.

<u>Count Two, First Element: Existence of the Conspiracy</u>

Again, the first element that the Government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more people entered the unlawful agreement charged in the Indictment.  In other words, with respect to Count Two, the Government must prove that there was in fact an agreement or understanding to violate those provisions of the law which make it illegal to rob individuals believed to be engaged in narcotics trafficking.

I have already instructed you with respect to Count One of the Indictment about how you should consider whether a particular conspiracy existed.  You must apply those same instructions here as well.

<u>Count Two, First Element: Object of the Conspiracy</u>

I have also instructed you that an object of a conspiracy is an illegal goal or object that the co-conspirators agree to achieve.  In Count Two, the Government has alleged that the defendant joined a conspiracy, the goal of which was to commit one or more robberies.

"Robbery" is defined as the unlawful taking of personal property from another against his or her will.  This is done by threatening or actually using force, violence, or fear of injury, immediately or in the future, to person or property.

In order to find that the defendant conspired to commit robbery, you must find that the Government has proven beyond a reasonable doubt that the defendant participated in a conspiracy to: (i) obtain or take the personal property of another, or from the presence of another; (ii) against the intended victim's will by actual or threatened force, violence or fear of injury, whether immediate or in the future; and (iii) these actions would have in any way or degree, obstructed, delayed or affected interstate commerce.

I will now explain these three elements to you in greater detail.

44

<u>Count Two, First Element: Object of the Conspiracy, Robbery—Property of Another</u>

The first element of the crime of robbery is obtaining or taking the personal property of another, or from the presence of another.  The term property includes tangible and intangible things of value.  In this case the Government alleges that the property involved in the conspiracy charged in Count Two was narcotics—specifically, heroin and/or cocaine.

<u>Count Two, First Element: Object of the Conspiracy, Robbery—Taking by Actual or
Threatened Force, Violence or Fear</u>

The second element of the crime of robbery is the unlawful taking of the

property involved against the victim's will, by actual or threatened force, violence,

or fear of injury, whether immediate or in the future.  There must be some nexus

between the threat or use of force and the taking of property.

In considering whether there was a conspiracy to use, or threaten to use

force, violence or fear, you should give those words their common and ordinary

meaning, and understand them as you normally would.  The violence would not

have to be directed at the person whose property was taken.  The use of a threat of

force or violence might be aimed at a third person, or at causing economic rather

than physical injury.

Fear exists if at least one victim would experience anxiety, concern, or worry

over expected personal harm or business loss.  The potential existence of fear must

be determined by the facts existing at the time of the conspiracy.

Your decision whether there was a conspiracy to use force or threaten fear of

injury involves a decision about what the victim's state of mind would have been at

the time of the agreed-upon actions.  It is obviously impossible to ascertain or prove

directly what a person's subjective feeling would be.  You cannot look into a person's

mind to see what his or her state of mind would be.  But a careful consideration of

the circumstances and evidence should enable you to decide whether fear would

reasonably have been the victim's state of mind.

46

It is not necessary that the fear would be a consequence of a direct threat; it is sufficient that the surrounding circumstances would have rendered the victim's fear reasonable.  You must find that a reasonable person would have been fearful in the circumstances.

## Count Two, First Element: Object of the Conspiracy, Robbery—Interference with Commerce

If you decide that the defendant conspired with one or more people to obtain another's property, against his will, by the use or threat of force, violence, or fear of injury, you must then decide for this Count whether this agreed-upon action (that is, the robbery of heroin and/or cocaine) would have affected interstate or foreign commerce in any way or degree. That is, you must determine whether, had the robbery occurred, would there have been an actual or potential effect on commerce between any two or more states, or on commerce within one state that goes through any place outside that state, including another state or a foreign country.

The requirement of showing an effect on commerce involves only a minimal burden of proving a connection to interstate or foreign commerce, and is satisfied by conduct that affects commerce in any way or degree. For example, if the object of a robbery was items which traveled or went through interstate commerce, that would be a sufficient effect on interstate commerce. Even a potential or subtle effect on commerce will suffice.

Let me give you some real world examples of affecting interstate commerce. If I order a book from Amazon.com and that book is made in California, shipped to Amazon's warehouse in Minnesota, and then shipped to me in New York, that would be affecting interstate commerce; the book is travelling through various states in commerce. If two people conspire to steal bananas shipped in to New York

from the Caribbean, they are conspiring to affect interstate commerce because the bananas travel in interstate commerce.

If you decide that interstate or foreign commerce would potentially or probably be affected if the charged conspiracy had successfully and fully completed its object, then the element of affecting interstate commerce is satisfied. Because this is a conspiracy case, it is unnecessary that you find that interstate or foreign commerce was actually affected—only that it would have been if the conspiracy had succeeded.

Moreover, the defendant need not have intended or anticipated an effect on interstate or foreign commerce. You may find that this element is satisfied if the effect on interstate commerce would have been a natural consequence of the actions he agreed with others to undertake.

If you find beyond a reasonable doubt that the target of the robbery related to something that moved in interstate or foreign commerce, then this element will have been met.

When considering this element, it is important for you to know that commerce affected or potentially affected need not be lawful. Activities affecting or potentially affecting unlawful interstate activity, such as drug dealing and trafficking, may fall within the purview of the statute if the other elements which I have explained to you are established.

Therefore, if you find that the conspiracy involved robbing controlled substances, and you find that the controlled substances traveled—or would have

49

had to have travelled to get to New York—in interstate or foreign commerce, then you may find that this element has been satisfied.

In addition, this element may be met when the object of a planned robbery did not actually exist—for example, drugs in a sting operation—as long as you find that the Government has proved beyond a reasonable doubt that the defendant joined a conspiracy that would have affected interstate commerce if the conspiracy had been successful as planned.

<u>Count Two, Second Element: Participation in the Conspiracy</u>

If you conclude that the Government has proven beyond a reasonable doubt that the robbery conspiracy charged in Count Two existed, you must determine whether the defendant joined the conspiracy knowing its unlawful purpose and to further its unlawful objective.  Here, the alleged purpose of the conspiracy was to rob individuals believed to be engaged in narcotics trafficking.

I have already instructed you about how one joins or participates in a conspiracy.  You must apply those same instructions here as well.

<u>Counts One and Two: Liability for Acts and Declarations of Co-Conspirators</u>

When people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.  Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in the Indictment, then, any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy may be considered against the defendant.  This is so even if such acts were done and statements were made in the defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of the defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme.  If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may be considered by you as evidence only against the member who did or said them.

52

<u>Count Three: General Instructions</u>

Finally, I will talk to you about Count Three—a firearms offense.  Count Three charges a firearms offense connected to either the narcotics conspiracy charged in Count One and/or the robbery conspiracy charged in Count Two.  This means that you cannot consider Count Three unless you first determine that the defendant, Anthony Serrano, is guilty <u>either</u> of the narcotics conspiracy charged in Count One <u>or</u> the robbery conspiracy charged in Count Two, or both.

Count Three also charges the defendant with aiding and abetting the carrying or possession of a firearm, as well as the brandishing, in connection with Counts One and Two.

I will explain these concepts in more detail in a moment.

53

<u>Count Three: Overview of the Elements</u>

To meet its burden of proof for Count Three, the Government must prove beyond a reasonable doubt the following three elements:

<u>First</u>, that on or about the dates alleged in the Indictment, the defendant either used, carried, or possessed a firearm, or aided and abetted the use, carrying, or possession of a firearm by someone else;

<u>Second</u>, that the defendant used or carried the firearm, or aided and abetted another's use or carrying of the firearm, <u>during and in relation to the specified crimes charged</u> in either Counts One or Two, or that the defendant possessed a firearm, or aided and abetted another in the possession of the firearm, in furtherance of those same crimes; and

<u>Third</u>, that the defendant acted <u>knowingly</u>.

I will now review each of these three elements separately.

54

<u>Count Three, First Element—"Using," "Carrying," "Possessing," and
"Aiding and Abetting"</u>

As I just mentioned, the first element the Government must prove beyond a
reasonable doubt for Count Three is that, on or about the dates set forth in the
Indictment, the defendant used, "carried," or "possessed" a "firearm," or "aided and
abetted" the same.  I will now provide the definitions for these terms.

### "Firearm"

A firearm is commonly known as a gun.  It is defined as "any weapon . . .
which will or is designed to or may readily be converted to expel a projectile by the
action of an explosive."  In considering the specific element of whether the
defendant used or carried or possessed a firearm, it does not matter whether the
firearm was loaded or operable at the time of the crime.  Operability is not relevant
to your determination of whether a weapon qualifies as a firearm.

### "Carry"

To show that the defendant "carried" a firearm, the Government must prove
beyond a reasonable doubt that the defendant had the weapon within his control so
that it was available in such a way that it furthered the commission of the crime.
The defendant need not have held the firearm physically, that is, have had actual
possession of it on his person.  If you find that the defendant had dominion and
control over the place where the firearm was located, and had the power and
intention to exercise control over the firearm, and that the firearm was immediately
available to him in such a way that it furthered the commission of the crime of

violence or drug trafficking crime, you may find that the Government has proven that the defendant carried the weapon.

## "Possess"

I have already discussed the concept of possession, and you should apply those same instructions here as well, but I would like to also describe it in a bit more detail now.  I want to give you some examples of possession.

I have a pen in my hand.  There should be no doubt that I physically possess the pen.

Another example:  Let's say that I brought in my book bag with my personal items in it and left it on my clerk's desk.  I do not physically possess the bag but I do have control over it.  My clerk also has control over it.  I can be said to "possess" the bag jointly with my clerk.

One more example:  Say my grandmother left me some jewelry when she died, and it is now sitting in a safety deposit box at the bank.  My siblings and I are the only people who can get into that box.  Do we have possession of the jewelry?  Absolutely, we have possession of it, even though it's in a safety deposit box inside a bank, and not in our hands or even in our homes.

Possession of a firearm in furtherance of a crime of violence or a drug trafficking crime requires that the defendant possess a firearm and that the possession advance or move forward the crime.  The mere presence of a firearm is not enough.  Possession in furtherance requires that the possession be incident to

56

and an essential part of the crime.  The firearm must have played some part in furthering the crime in order for this element to be satisfied.

### "Aiding and Abetting"

Now let me turn to the concept of aiding and abetting.  As I mentioned, the defendant is also charged with aiding and abetting in the firearms count in which he is charged; accordingly, it would be sufficient for this element if the defendant aided and abetted another person in the carrying and possession of a firearm.

Under this law, it is not necessary for the Government to show that a defendant himself physically committed the crime with which he is charged in order for you to find him guilty.  Thus, if you do not find beyond a reasonable doubt that the defendant himself committed the crime charged, you may, under certain circumstances, still find the defendant guilty of that crime as an aider or abettor. A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

As you can see, the first requirement is that another person has committed the crime charged—that is, another person committed every element of Count Three as I have just described them.  Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place.  But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that a defendant willfully and knowingly associate himself in some way with the crime,

and that he willfully and knowingly seek by some act to help make the crime succeed.  Participation in a crime is willful if action is taken voluntarily and intentionally, that is to say, with a bad purpose either to disobey or to disregard the law.  I have already defined the term knowingly for you and you should apply that definition here as well.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.  An aider and abettor must have some interest in the criminal venture.

In order to convict the defendant of aiding and abetting another's use, carrying of, or possession of a firearm, you must find that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a co-conspirator would use or carry a gun during the crime's commission.  It is not enough to find that the defendant performed an act to facilitate or encourage the commission of the underlying crime of violence or drug trafficking crime with only the knowledge that a firearm would be used or carried in the commission of that crime.  Instead, you must find that the defendant performed some act that facilitated or encouraged the actual using, carrying of, or possession of the firearm in relation to the underlying crime and that he had advance knowledge that a firearm would be present during the crime.

58

For example, if you find that the defendant directed another person to use, carry, or possess a gun in the commission of the underlying crime, or made such a gun available to the other person, then the defendant aided and abetted the other person's use of the firearm.  This example is offered only by way of illustration and is not meant to be exhaustive.

<u>Count Three, Second Element: During And In Relation To A Crime Of Violence Or
Drug Trafficking Crime</u>

The second element that the Government must prove beyond a reasonable

doubt is that the defendant carried a firearm during and in relation to a crime of

violence or drug trafficking crime, or possessed a firearm in furtherance of, such a

crime, or aided and abetted the same.  Possession in furtherance, as I have

indicated, requires that the possession be incident to, and an essential part of, the

crime.  The firearm must have played some part in furthering the crime in order for

this element to be satisfied.

I instruct you that the narcotics conspiracy alleged in Count One qualifies

under the law as a drug trafficking crime.  I further instruct you that the robbery

conspiracy alleged in Count Two qualifies under the law as a crime of violence.

I also instruct you that, in order to find the defendant guilty of Count Three,

the jury must be unanimous as to whether it was the drug trafficking crime charged

in Count One, or the crime of violence charged in Count Two—or both—that the

defendant used or carried a firearm during and in relation to, or possessed a firearm

in furtherance of, or aided and abetted the same.

<u>Count Three, Third Element: "Knowingly"</u>

The final element the Government must prove beyond a reasonable doubt for Count Three is that the defendant knew that he was carrying or possessing a firearm, or knew that he was aiding and abetting another's carrying or possessing of a firearm.

To satisfy this element, you must find that the defendant had <u>knowledge</u> that what he, or another whom he was aiding and abetting, was carrying or using or possessing was a firearm, or advance knowledge that another whom he was aiding and abetting would be carrying or using or possessing a firearm.  I have previously defined "knowingly" for you and you should apply that definition here.

In order for the Government to satisfy this element, it must prove beyond a reasonable doubt that the defendant knew what he was doing: that is, that he knew that he was carrying or using, or aiding and abetting another's carrying and use of, a firearm in the commission of a drug trafficking crime or a crime of violence.

## Count Three: Brandishment

If, and only if, you find the defendant guilty of Count Three as I just explained to you, then you must make a special finding on that Count. Specifically, you must determine whether or not, during a defendant's use, carrying, or possession of a firearm, he brandished the firearm, or aided and abetted another to brandish the firearm.

To "brandish" a firearm means that all or part of the weapon was displayed, or the presence of the weapon was otherwise made known to another person, to intimidate that person, regardless of whether the weapon was directly visible to that person. The weapon does not have to be directly visible, but it must be present. Your finding as to brandishing must be beyond a reasonable doubt. In addition, it must be unanimous in that all of you must agree that a firearm was brandished.

You will be provided with a verdict form that will include a space for you to indicate your determination with respect to this issue.

62

<u>Count Three: Guilt of Substantive Offense—Pinkerton Liability</u>

There is another method by which you may evaluate the possible guilt of the defendant with respect to Count Three (the firearms charge), even if you do not find that the Government has satisfied its burden of proof with respect to each element of the crime.

If, in light of my instructions, you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy connected with a substantive crime charged, i.e.*,* the narcotics conspiracy charged in Count One, or the robbery conspiracy charged in Count Two, then you may also, but are not required to, find the defendant guilty of the firearms charge in Count Three, provided that you find that <u>each</u> of the following elements has been proven beyond a reasonable doubt:

> <u>First</u>, that the crime charged in Count Three was committed;
>
> <u>Second</u>, that the defendant was a member of the conspiracies in Count One or Two you found existed;
>
> <u>Third</u>, that the firearms offense was committed pursuant to the common plan and understanding you found to exist among the conspirators involved in that conspiracy;
>
> <u>Fourth</u>, that the defendant was a member of the conspiracy at the time the firearms offense was committed; and

<u>Fifth</u>, that the defendant could reasonably have foreseen that the firearms offense might be committed by his co-conspirator.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find the defendant guilty of Count Three, even if he did not personally participate in the acts constituting the crime or did not have actual knowledge of it. The reason for this rule is that a co-conspirator who commits a substantive crime as part of a conspiracy is deemed to be the agent of the other co-conspirators. Therefore, all of the co-conspirators bear criminal responsibility for the commission of the substantive crimes.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find the defendant guilty of Count Three, unless the Government proves, beyond a reasonable doubt, that the defendant personally committed, or aided and abetted the commission of, the crime charged in Count Three.

## OTHER INSTRUCTIONS

### Variance in Dates

The Indictment alleges that certain events or transactions occurred on or about various dates.  It is not necessary, however, for the Government to prove that these events or transactions occurred on exactly those dates.  When the crime charged is the crime of conspiracy, it is sufficient if you find that the defendant was a member of a conspiracy charged in the Indictment for some time within that period.

Venue

In addition to all the elements I have described for you with respect to Counts One, Two, and Three of the Indictment, you must also decide whether any act in furtherance of the charged offense occurred within the Southern District of New York. The Southern District of New York includes only the following counties: Manhattan, the Bronx, Westchester, Dutchess, Putnam, Rockland, Orange, and Sullivan. This is called "venue." Venue means place or location.

In regard to venue, the Government need not prove that any crime was committed in this District or that the defendant was present here. It is sufficient to satisfy this element if any act in furtherance of the crime you are considering occurred within this District. I further instruct you that any action in the Southern District of New York, or any communication into or out of the Southern District of New York, can establish venue so long as the action furthers the conspiracy charged.

On this issue of venue—and this alone—the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. A "preponderance of the evidence" means more likely than not. Thus, the Government has satisfied its burden of proof as to venue if you conclude that it is more likely than not that some act in furtherance of each charged offense was committed in this District.

If you find that the Government has failed to prove the venue requirement, even if all other elements of an offense are proven, then you must acquit the defendant.

<u>Sympathy</u>

Under your oath as jurors you are not to be swayed by sympathy.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is:  Has the Government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the Government has proven that the defendant is guilty of the crime for which he is charged solely on the basis of the evidence or lack of evidence and subject to the law as I charge you.  It must be clear to you that once you let fear, prejudice, bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal.

But on the other hand, if you should find that the Government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

<u>Punishment</u>

The question of possible punishment of the defendant is of no concern to you, ladies and gentlemen of the jury, and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively upon the Court.

Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.

## Juror Note-Taking

For those of you who took notes during the course of the trial, you should not show your notes to or discuss your notes with any other juror during your deliberations. Any notes you have taken are to assist you and you alone. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.

Finally, your notes are not to substitute for your recollection of the evidence in this case. If you have any doubt as to any testimony, you may request that the official trial transcript that has been made of these proceedings be read or otherwise provided to you.

## CONCLUDING REMARKS

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant, Anthony Serrano, with respect to each one of the counts in the Indictment in which he is charged.  You are to consider his guilt or non-guilt as to each count separately.

You are about to begin your deliberations.  Many—but not all—of the exhibits will be sent with you into the jury room.  For instance, we will not send the firearms or ammunition you saw into the jury room.  If you want to see any of the physical evidence not sent into the jury room with you, or would like any of the testimony given during the trial read back to you, that can be arranged.  Please appreciate that it is not always easy to locate any testimony that you might want, so be as specific as you possibly can in requesting exhibits or portions of testimony you may want.  Any communication with the Court at all—whether requesting evidence or testimony or otherwise—should be made to me in writing, signed by your foreperson, and given to the Marshal.  I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with all of you in person, with the lawyers and the defendant present.  In no event should you tell me or anyone else—in a note or orally—how the jury stands on the issues of the defendant's guilt until after a unanimous verdict is reached.

71

Your first task as a jury will be to choose your foreperson, if you have not already done so.  The foreperson has no greater voice or authority than any other juror but is the person who will communicate with the Court when questions arise.

The most important part of this case, members of the jury, is the part that you as jurors are now about to play as you deliberate on the issues of fact.  It is for you, and you alone, to decide whether the Government has proved beyond a reasonable doubt the essential elements of the crimes with which the defendant has been charged.  If the Government has succeeded, your verdict should be guilty; if it has failed, it should be not guilty.  Again, you must consider each count individually.  I know you will try the issues that have been presented to you according to the oath that you have taken as jurors.  In that oath you promised that you would well and truly try the issues joined in this case and a true verdict render.  Your function is to weigh the evidence in the case and determine whether or not a defendant is guilty solely upon the basis of such evidence.

As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views.  Every juror should be heard.  No one juror should hold center stage in the jury room and no one juror should control or monopolize the deliberations.  If, after listening to your fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not hesitate because of stubbornness or pride to change your view.  On the other hand, do not surrender your honest convictions and beliefs solely because of the opinions

of your fellow jurors or because you are outnumbered.  Your final vote must reflect your conscientious belief as to how the issues should be decided.

Your verdict must be unanimous.  If at any time you are not in agreement, you are instructed that you are not to reveal the position of the jurors, that is, the split of the vote, to anyone, including the Court, at any time during your deliberations.  Finally, I say this not because I think it is necessary, but because it is the custom in this courthouse to say this:  You should treat each other with courtesy and respect during your deliberations.

All litigants stand equal in this room.  All litigants stand equal before the bar of justice.  All litigants stand equal before you.  Your duty is to decide the issues before you fairly and impartially, and to see that justice is done.

Under your oath as jurors, you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to the consequences of your decision.  You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.  All parties are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at a just verdict.

Members of the jury, I ask your patience for a few moments longer.  It is necessary for me to spend a few moments with counsel and the reporter at the side bar.  I will ask you to remain patiently in the jury box, without speaking to each other, and we will return in just a moment to submit the case to you.

73