```
         E6K7SER1
```

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,

4          v.                                13 CR 58 (KBF)

5  ANTHONY SERRANO,

6                  Defendant.

7  ------------------------------x

8                                         New York, N.Y.
                                           June 20, 2014
9                                          9:30 a.m.

10
   Before:
11
                    HON. KATHERINE B. FORREST,
12
                                           District Judge
13

14                           APPEARANCES

15 PREET BHARARA
        United States Attorney for the
16      Southern District of New York
   RACHEL MAIMIN
17 RAHUL MUKHI
        Assistant United States Attorneys
18
   CESAR DE CASTRO
19      Attorney for Defendant Serrano

20 VALERIE GOTLIB
        Attorney for Defendant Serrano
21
   ALSO PRESENT:   Danielle Craig, Paralegal
22                 Todd Riley, Special Agent, DEA

23

24

25

Case 1:13-cr-00058-AKH   Document 453   Filed 07/16/14   Page 2 of 13        877
E6K7SER1

        (Time noted 10:20; jury not present)

        THE COURT:  I have received a note from the jury.  Let me just know that we have counsel for the government, Mr. Mukhi and Ms. Maimin here, counsel for the defendant Mr. De Castro and Ms. Gotlib, and we also have present Mr. Serrano.

        I received a note from the jury at 10:08 this morning signed by Yolanda Rivera.  I don't remember which juror that is.

        MR. MUKHI:  Number 3, I think.

        THE COURT:  So that must be the foreperson.  It said in the blank for the foreperson.  They ask the following question:  Victor Moral testimony of 10/14/12, also both victims' testimony on what happened on 10/14/12, also closing statement of Mr. Mukhi -- I won't tell you how they spelled it -- Victor Moral testimony of 1/9/13, step by step of Serrano's involvement.

        I read the last piece to be step by step of Serrano's involvement to relate to the January 9, 2013 question, but otherwise I see this as the Victor Moral testimony of 10/14/12, which is relatively easy to isolate.  We have isolated it.

        Both the victims' testimony on what happened on 10/14/12, that's essentially the entirety of both of their testimonies.

        And the closing statement of Mr. Mukhi, and I don't know, it just says closing statement of Mr. Mukhi.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

Victor Moral testimony of 1/9/13, step by step of Serrano's involvement.

So those are the pieces. What I propose to -- I don't think there is much ambiguity here -- is to tell the jury we are going to isolate this testimony and send it in to the jury room for them, but I'm going to ask them a clarifying question on two points: One, do they want the entirety of Mr. Mukhi's closing or a portion -- which is what I would assume -- of Mr. Mukhi's closing? And if so, relating to the 10/14/12 or to the January 9? And I will get that answer from them.

And then also, in terms of step by step of Serrano's involvement, to ensure that my interpretation is correct, that it's relating to the January 9, 2013 events. So I propose to get those two clarifications and otherwise tell them that we are going to isolate the testimony. Anybody have any disagreement with that?

MR. MUKHI: One moment, your Honor. Your Honor, we can look at it, but I'm not sure that they can get my closing statement, since it's argument. So we can look at it quickly to see if that's something they are allowed to get. Otherwise I think we are in agreement.

MR. DE CASTRO: Yeah, that was the one issue I was going to raise. I wasn't sure that the summation should go in. I'd just like to see the note other than that.

THE COURT: All right. Why don't you folks come up

1    and take a look at the note.  And I'm going to nonetheless get

2    the clarification, depending on the outcome of your review.

3    Come up and look at it.  Let's bring the jury out here.

4             MR. MUKHI:  What was the second follow-up questions?

5             THE COURT:  Two.  One is to make sure that the step by

6    step of Serrano's involvement relates back to the January 9

7    events and not also to the 10/14 or something else.

8             MR. MUKHI:  OK.

9             (Jury present; time noted 10:25 a.m.)

10            THE COURT:  Ladies and gentlemen, let's all be seated.

11   The audience we have here is for a different case that I'm

12   doing.  I mean there are undoubtedly some people you have seen

13   here before, but the big assembly here is for a different

14   matter.  I just say that because it's a bigger crowd than we

15   have had.

16            I received a note from the jury.  It was received at

17   10:08 a.m. this morning signed by Yolanda Rivera.  Is that

18   Juror 2?  Yes.  And the note reads as follows:  Victor Moral

19   testimony of 10/14/12, also both victims' testimony on what

20   happened on 10/14/12, also closing statement of Mr. Mukhi,

21   Victor Moral testimony of 1/9/13, step by step of Serrano's

22   involvement.

23            So, we are going to gather the testimony for you, but

24   let me just ask a clarifying question.  And at this point I

25   just want to try to answer it or have you answer it,

1  Ms. Rivera, yes or no.  If you need to consult with your fellow
2  jurors to do that, then let the court know.
3            But does the Victor Moral testimony of 1/9/13, step by
4  step of Serrano's involvement, are those two things together?
5  In other words, do you want Mr. Moral's testimony of January
6  relating to the January 9, 2013 events which outline Mr.
7  Serrano's step by step involvement?
8            FOREPERSON:  Yes.
9            THE COURT:  Thank you.  Now for the closing statement,
10 we're going to determine whether or not we can give you
11 something like a closing statement.  But let me just ask you
12 for clarification of that.  Was the closing statement relating
13 to the January 9, 2013 events or to the 10/14/12 events, or you
14 wanted the whole thing?
15           FOREPERSON:  The whole thing.
16           THE COURT:  We may not be able to give you the closing
17 statement but it's a summary and argument that is a grouping
18 together of one lawyer's view.  And remember that closings and
19 summations are not themselves evidence.
20           So, if there is something in particular that would be
21 of help for you, that you'd like somebody else's testimony, or
22 some other series of evidence that would answer whatever
23 question you have, why don't you go back in the room and write
24 it down and send it out with a marshal.  But it's unlikely that
25 we are going to be able to give you the entirety of one

1       lawyer's argument.  All right?

2                FOREPERSON:  OK.

3                THE COURT:  So, ladies and gentlemen, that's what we

4       are going to do.  We are going to send it to you as soon as we

5       can, and you can go back into the jury room.  Thank you.

6                (Jury not present)

7                THE COURT:  Here is what I propose.  The note will

8       remain here for inspection.  You have heard the clarification.

9       Can you folks confer?  We have some of the testimony isolated.

10      You may as well.  But the Serrano -- you've got it.

11               So Joe I think has got it isolated.  Why doesn't Joe

12      meet with you folks over there in the corner so that Mr.

13      Serrano can hear it as well, or wherever you can, so that other

14      people can move up.

15               Once you have agreed, the U.S. attorneys or the

16      defendant, whoever wants to isolate it electronically should

17      isolate it electronically, print it out, which we can do, the

18      U.S. attorney's office can do it downstairs, or we can do it,

19      and then if you are both in agreement, Joe will bring it to me,

20      I will review it, make sure it's right, and we will send it

21      right in.  OK?

22               MS. MAIMIN:  Sounds good.

23               Mr. De Castro, is that an acceptable way to proceed?

24               MR. DE CASTRO:  Yes, that's fine.

25               THE COURT:  Move you folks over to the side.  The rest

1   of it will be done by remote control with me, and everybody
2   else can move up.  Thank you.
3           (Time noted 2:40 p.m.; jury not present)
4           THE COURT:  All right.  Let's bring out the jury.
5           MR. MUKHI:  Your Honor, there is actually one more
6   page to the Webster Avenue --
7           THE COURT:  If you've got a copy, a set that goes in
8   here, you can insert it.
9           MR. MUKHI:  It's a separate section, so I think it
10  could be appended to the rest of that.
11          (Jury present)
12          THE COURT:  Let's all be seated, ladies and gentlemen.
13          Ladies and gentlemen of the jury, we have received a
14  note.  We received it from Ms. Rivera, handed to the marshal at
15  1:54:  We have obtained the material, so you are not going to
16  have a further delay.  We will be able to send you right back
17  into the room with the materials.  But let me read to you the
18  note, because it came in two parts, but we understand that one
19  part is no longer necessary.  That message was conveyed to the
20  marshal.
21          The note read in its entirety:  Review Exhibit 417 and
22  419, printout preferred.
23          Those were some of the phone records.
24          And then also, number two, Moral's testimony regarding
25  the Webster Avenue stash house robbery.

1     Now, I have been informed that number one is no longer
2  necessary.  Is that correct?  All right.  That's correct, I
3  hear.  And, number two, we've isolated that testimony.  It's on
4  consent.  We are going to send it right back into the room with
5  you.  All right?  So I think we are all set.  Thank you very
6  much.
7        (Jury resumes deliberations at 2:45 p.m.)
8        THE COURT:  All right, ladies and gentlemen, before we
9  adjourn again until we get our next note, let me just put on
10 the record that the court received the note.  The court then
11 showed the note to counsel who agreed on the materials that
12 were to be shown.  Ms. Gotlib then conferred with the defendant
13 in the cell block here, the holding area here.  And that,
14 therefore, the work to assemble the materials was done prior to
15 the court reading the note, but I understand there is no
16 objection to that process.  Is that right?
17        MR. MUKHI:  Yes, your Honor.
18        MR. DE CASTRO:  Yes.
19        THE COURT:  We are adjourned then until we have our
20 next note.
21        (Time noted 4:00 p.m.; jury not present)
22        THE COURT:  Ladies and gentlemen, let's all be seated.
23 I received a note at 3:52 p.m. from Ms. Rivera which states we
24 have a verdict.  I have marked it as Court Exhibit 3, and we
25 are ready to bring out the jury.  This will be up here for you

E6K7SER1

1  folks to inspect.
2          (Jury present)
3          THE COURT:  Ladies and gentlemen, let's all be seated.
4  I have received a note at 3:52 p.m. and we have marked it as
5  Court Exhibit 3, which states we have a verdict.
6          Ms. Rivera, would you please hand the verdict to my
7  deputy.
8          Please read the verdict.
9          DEPUTY COURT CLERK:  Jury's verdict in the matter of
10  United States of America v. Anthony Serrano, 13 Cr. 58.
11          Count One:  Guilty.
12          Do you unanimously find beyond a reasonable doubt that
13  the defendant conspired to distribute, or possess with intent
14  to distribute, one kilogram or more of heroin?  No.
15          Do you unanimously find beyond a reasonable doubt that
16  the defendant conspired to distribute, or possess with intent
17  to distribute, 500 grams or more of cocaine?  Yes.
18          Do you unanimously find beyond a reasonable doubt that
19  the defendant conspired to distribute, or possessed with intent
20  to distribute, 100 grams or more of heroin?  No.
21          Count Two:  Guilty.
22          Count Three.  Guilty.
23          Was the firearm brandished?  Yes.
24          Foreperson, is this the jury's verdict?
25          FOREPERSON:  Yes.

1           THE COURT:  Please poll the jury.
2           (Jury polled, all answer in the affirmative)
3           DEPUTY COURT CLERK:  Jury is polled, your Honor.
4           THE COURT:  Thank you.
5           Ladies and gentlemen --
6           Actually let me just ask, is there any reason why I
7  should not dismiss the jury at this time, counsel?
8           MR. MUKHI:  No, your Honor.
9           MR. DE CASTRO:  No, your Honor.
10          THE COURT:  Ladies and gentlemen, I want to thank you
11 for having performed your jury service.  The care and attention
12 you folks have given to this case over this week, and in
13 particular during your deliberations, the nature of the
14 questions you asked, all of that demonstrated that you folks
15 really were paying close attention to the evidence and to your
16 responsibilities as jurors.
17          I now am going to release you from your oath of
18 silence and tell you that you can talk about this case to each
19 other -- obviously, you have already spoken to each other about
20 it -- and to others; however you need not.
21          If anybody approaches you and asks you to talk about
22 this case, there is no reason why if you don't want to talk
23 about this case you have to talk about this case.  You can say
24 I don't want to talk about this case.  It's entirely your
25 decision.

1          People all the time agree not to talk about the case,
2     and sometimes people agree to talk about the case.  It's up to
3     you.  The one thing I ask is if you choose, if you are asked to
4     talk about the case, and you choose to talk about the case,
5     that you speak about your views and your views only, and that
6     you maintain the sanctity, if you will, of the jury room and
7     what the back and forth of the discussion was, and so if you
8     want to talk about what you thought and your process, that's
9     one thing, but try to let other folks make their own decisions.
10    All right?
11         Now, there are some final papers that need to be dealt
12    with; joe will take you through all of that.
13         I want to thank you again for having undertaken this
14    task, this difficult task.  It really is part of what makes our
15    rules of law and our society function as well as it does.
16         So thank you, and you are excused.
17         (Jury excused)
18         THE COURT:  All right, ladies and gentlemen.  Let's
19    all be seated.  Are there any applications?  Let's start there.
20         MR. MUKHI:  None from the government, your Honor.
21         MR. DE CASTRO:  No.
22         THE COURT:  All right.  Then what I'd like to do is
23    set a sentencing date.  Are there going to be any post-trial
24    motions, Mr. De Castro?
25         MR. DE CASTRO:  Yes, Judge.

Case 1:13-cr-00058-AKH   Document 453   Filed 07/16/14   Page 12 of 13    887
E6K7SER1

1          THE COURT:  All right.  Then let's set two dates.
2     Let's set a date on which any motions will be made, and then we
3     will set a sentencing date.  The sentencing we will set four
4     months out.  So what do you think, six weeks from now,
5     Mr. De Castro?
6          MR. DE CASTRO:  That would be -- yeah, that would be
7     great.  That's fine.
8          THE COURT:  So six weeks from today is August 8.  Does
9     that work for you, Mr. De Castro?
10          MR. DE CASTRO:  I have a personal issue that week.
11     Can we do the following Friday?
12          THE COURT:  Yes, August 15.
13          MR. DE CASTRO:  That's fine.
14          THE COURT:  All right.  How long would the government
15     like to respond?
16          MR. MUKHI:  Two weeks, your Honor.
17          THE COURT:  All right.  So the oppositions would be
18     due August 29.  Then any reply, Mr. De Castro, you are going to
19     run into the Labor Day week, so we will put it down for
20     September 9.
21          MR. DE CASTRO:  OK.
22          THE COURT:  And the sentencing date that we have four
23     months out would be October 24 at 10 a.m.  Does that work for
24     you folks?
25          MS. MAIMIN:  Yes, your Honor.

          SOUTHERN DISTRICT REPORTERS, P.C.
                    (212) 805-0300

E6K7SER1

1            MR. DE CASTRO:  That's fine.
2            THE COURT:  All right.  Now, Mr. De Castro, you are
3   aware of the new procedures which require you to at least set
4   up your interview for Mr. Serrano with pretrial and with
5   probation within two weeks.
6            MR. DE CASTRO:  I am.
7            THE COURT:  All right.  And that the government will
8   submit its case summary within two weeks.
9            MR. MUKHI:  Yes, your Honor.
10           THE COURT:  All right.
11           So, my read from that verdict is they probably did not
12  take the January 9th conspiracy, but that's the only way I can
13  reconcile it, I think.
14           MR. MUKHI:  That seems to be right.  They found
15  October 14 but --
16           THE COURT:  Right. All right. Well, it is what it
17  is.  It's hard to read the tea leaves in terms of what the
18  process is.  I always find the jury process fascinating.  Is
19  there anything further?
20           MR. MUKHI:  Not from the government.
21           MS. MAIMIN:  Not from the government.
22           MR. DE CASTRO:  Not from the defense.
23           THE COURT:  All right, we are adjourned.
24           (Trial concluded)
25