

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 9, 2015

**BY ECF & EMAIL**

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    <u>United States</u> v. <u>Serrano</u>, 13 Cr. 58 (KBF)

Dear Judge Forrest:

    We respectfully write in advance of today's sentencing to briefly supplement the Government's January 2, 2015 sentencing submission. As the Court is aware, in the Government's sentencing submission, the Government argues that the defendant should be held responsible for the heroin that was to be robbed during the January 9th Attempted Robbery.

    Under U.S.S.G. § 1B1.3, a defendant is responsible for, *inter alia*:

> (1) (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; *and*
>
> (B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity,
>
> that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

U.S.S.G. § 1B1.3. The Government believes that the defendant's relevant conduct includes the January 9th Attempted Robbery based on either (A) his direct involvement or (B) as a reasonably foreseeable act in furtherance of the jointly undertaken criminal activity. With respect to the latter, we note that the Second Circuit has held that:

> A district court may sentence a defendant based on the reasonably foreseeable acts and omissions of his co-conspirators that were taken in relation to a conspiracy.  *See* U.S.S.G. § 1B1.3(a)(1)(B).  Before sentencing a defendant based on the conduct of co-conspirators, however, a district court is "required to make two particularized findings . . . (1) that the scope of the activity to which the defendant agreed was sufficiently broad to include the relevant, co-conspirator conduct in question . . . ; and (2) that the relevant conduct on the part of the co-conspirator was foreseeable to the defendant."  *United States* v. *Johnson*, 378 F.3d 230, 236 (2d Cir. 2004) (internal quotation marks, citations, and alterations omitted); *see also United States* v. *Studley*, 47 F.3d 569, 574–75 (2d Cir. 1995).

*United States* v. *Getto*, 729 F.3d 221, 234 (2d Cir. 2013) (remanding to district court where "particularized findings" were not made).  Accordingly, to the extent the Court finds the defendant responsible for the January 9th Attempted Robbery pursuant to U.S.S.G. § 1B1.3(1)(B), the Government respectfully requests that the Court make the two particularized findings set forth above, which are amply supported by the record as set forth in the Government's January 2, 2015 sentencing submission.

        Respectfully submitted,

        PREET BHARARA
        United States Attorney

By: /s/ Rahul Mukhi
        Rahul Mukhi
        Assistant United States Attorney
        (212) 637-1581
        Rahul.Mukhi@usdoj.gov