# MANDATE

S.D.N.Y. – N.Y.C.
13-cr-58
17-cv-6444
Forrest, J.
Hellerstein, J.

United States Court of Appeals
FOR THE
SECOND CIRCUIT

_____

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of May, two thousand twenty.

Present:
    John M. Walker, Jr.,
    Dennis Jacobs,
    Joseph F. Bianco,
        *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Aug 05 2020

_____

Anthony Serrano,

        *Petitioner*,

v.                                    19-3224

United States of America,

        *Respondent*.

_____

Petitioner moves for leave to file a successive 28 U.S.C. § 2255 motion, primarily based on *United States v. Davis*, 139 S. Ct. 2319 (2019), and *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019). Petitioner argues that his 18 U.S.C. § 924(c) conviction, which was predicated on both conspiracy to commit Hobbs Act robbery, under 18 U.S.C. § 1951, and a drug trafficking crime, under 21 U.S.C. § 846, is no longer valid after *Davis* and *Barrett*. He also moves for vacatur of his § 924(c) conviction. Upon due consideration, it is hereby ORDERED that the stay previously entered by this Court is TERMINATED and Petitioner's motions are DENIED.

In Petitioner's prior § 2255 motion, he argued, inter alia, that his § 924(c) conviction should be vacated under *Johnson v. United States*, 135 S. Ct. 2551 (2015), because it was no longer supported by a valid predicate. *See* S.D.N.Y. 17-cv-6444, doc. 1 (§ 2255 motion) at 13–15 (pdf pagination). The district court denied the § 2255 motion, holding in relevant part that the *Johnson* claim lacked merit because the § 924(c) conviction was clearly supported by the drug trafficking predicate; as a result, there was no need to reach the *Johnson* issue. *Id.*, doc. 16 (order) at 15–16. Petitioner

then raised the *Johnson* claim in this Court in a motion for a certificate of appealability, which the Court denied. 2d Cir. 18-2555, doc. 24 (supplement to COA motion) at 3-4; doc. 39 (order denying COA). As a result, Petitioner's present argument that his § 924(c) conviction is not supported by the drug trafficking predicate is barred by the law-of-the-case doctrine. *See United States v. Williams*, 475 F.3d 468, 471 (2d Cir. 2007) (law-of-the-case doctrine "forecloses consideration of issues that were decided—or that could have been decided—during prior proceedings" in the same case). Furthermore, Petitioner has not presented "cogent or compelling reasons" for this Court to revisit that prior decision. *See United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000).

Because only one predicate is required for a § 924(c) conviction, the apparent invalidity of the § 1951 predicate after *Johnson*, *Davis*, and *Barrett* does not affect Petitioner's § 924(c) conviction. Finally, to the extent Petitioner argues that his drug trafficking predicate also is invalid after *Johnson*, *Davis*, and/or *Barrett*, he is incorrect. Those decisions concern only the definitions of "violent felony" under the Armed Career Criminal Act ("ACCA") and "crime of violence" under § 924(c)(3), which are not similar to the definition of "drug trafficking crime" in § 924(c)(2).

          FOR THE COURT:
          Catherine O'Hagan Wolfe, Clerk of Court

2

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit