UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
UNITED STATES OF AMERICA, :
: **ORDER DENYING MOTIONS TO**
-against- : **REOPEN SECTION 2255**
: **PROCEEDINGS AND FOR**
ANTHONY SERRANO, : **REDUCTION IN SENTENCE**
:
Defendant. : 13 Cr. 58 (AKH)
:
-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Defendant Anthony Serrano ("Serrano") is currently serving a 254-month sentence for narcotics conspiracy, Hobbs Act robbery conspiracy, and possession of firearms in connection with a drug trafficking crime and crime of violence. His conviction and sentence were both affirmed by the Second Circuit. (ECF No. 568.) Serrano has filed numerous post-conviction motions, including a Motion to Vacate Under Section 2255 (ECF No. 625), a Motion for Compassionate Release (ECF No. 748), Motion for Reduction in Sentence (ECF No. 757), Motion for Leave to File a Successive § 2255 Petition (17-cv-6444), and Second Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 778), all of which have been denied and where appealed, affirmed by the Second Circuit. *See* ECF Nos. 655, 665, 759, 767, 790.

      Before me now are two motions. First, Serrano moves pursuant to Fed. R. Civ. P. 60(b)(6) to reopen Section 2255 proceedings and vacate his conviction under 18 U.S.C. § 924(c), arguing that it is invalid in light of *United States v. Johnson*, 135 S. Ct. 2551 (2015), *United States v. Davis*, 139 S. Ct. 2319 (2019), and *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019). (ECF No. 800.) Second, Serrano again moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines. (ECF No. 799.)

1

The motion to reopen is denied. Serrano has already raised the same arguments in his request before the Second Circuit for leave to file a successive Section 2255 petition. The Second Circuit denied leave, stating that the validity of Serrano's conviction was not affected by *Johnson*, *Davis*, or *Barrett*. Because the Second Circuit considered and rejected Serrano's arguments on the merits, there is no basis for reconsidering them here, simply because he has restyled them as a motion under Rule 60(b)(6). No manifest injustice results.

The motion for reduction in sentence based on Amendment 782 also is denied. That Amendment took effect in November 2014, and Serrano was sentenced on January 9, 2015, according to the new 2014 guidelines manual. *See* Transcript of Sentencing at 12:2–5, 10–18, ECF No. 514. Judge Katherine B. Forrest specifically so held. She ruled that the 2014 guidelines were in effect as of Serrano's sentencing and imposed a two-level reduction in the offense level, as suggested by the 2014 guidelines manual to conform to Amendment 782. Because Serrano has already received the benefit of Amendment 782, there is no basis for me to reduce his sentence further. 18 U.S.C. § 3582(c) (stating that "[t]he court may not modify a term of imprisonment once it has been imposed" unless under an enumerated exception, none of which applies here).

For the reasons provided above, the motions to reopen and vacate conviction and for a reduction in sentence are denied. The Clerk of Court shall terminate ECF Nos. 799, 800.

SO ORDERED.

Dated:  September 19, 2022
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge