UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNITED STATES OF AMERICA                :
                                        :    **ORDER DENYING**
                                        :    **DEFENDANT'S MOTION FOR**
  - against -                           :    **COMPASSIONATE RELEASE**
                                        :
ANTHONY SERRANO,                        :
                                        :    13 Cr. 58 (AKH)
                      *Defendant.*      :
------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

Defendant Anthony Serrano moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Since I find that the Section 3553(a) factors militate against granting Serrano compassionate release, I deny his petition without need for the Government to respond.

In 2015, Serrano was sentenced to 264 months' imprisonment, following his convictions of narcotics conspiracy, Hobbs Act robbery, and brandishing a firearm in furtherance of the Hobbs Act robbery and narcotics conspiracy. *See* ECF No. 512. The sentence reflects a significant downward departure from the applicable Guidelines range, especially considering Serrano's lengthy criminal history. His conviction and sentence were affirmed by the Second Circuit. *See* ECF No. 568. Serrano has filed three motions for compassionate release, and I have denied each of them. *See* ECF Nos. 757, 790, 804. Most recently, Serrano appealed my denial of his third motion for compassionate release; the Second Circuit affirmed the denial by Summary Order of October 2, 2024, ECF No. 872.

Under 18 U.S.C. § 3582(c)(1)(A)(i), I may grant a defendant compassionate release and reduce his sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if I find that "extraordinary and compelling reasons warrant such a reduction." In other words, the compassionate release "statute imposes three independent, necessary requirements for release: exhaustion of remedies, existence of an extraordinary and compelling reason for sentence

1

reduction, and that the § 3553(a) factors warrant reduction." *United States v. Hunter*, No. 21-1773, 2022 U.S. App. LEXIS 17420, at *3 (2d Cir. June 24, 2022). If any of these requirements is not satisfied, such as if the Section 3553(a) factors counsel against a defendant's early release, the court "need not determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction." *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021). "[T]he weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the" district court. *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008).

Here, I find that the Section 3553(a) factors counsel against Serrano's early release from federal custody. The violent nature of his crime, the need for deterrence, and his extensive criminal history all weigh against granting a reduction in his sentence. *See United States v. France*, 17 Cr. 724 (JSR), 2020 U.S. Dist. LEXIS 108408, at *4 (S.D.N.Y. June 19, 2020) ("A further reduction in [Defendant's] sentence, which was already below the applicable Guidelines range, would not reflect the seriousness of his crimes, provide just punishment, promote respect for the law, and afford specific and general deterrence."). Serrano was the leader of a violent armed robbery and burglary crew, and also sold drugs and guns out of his home. Moreover, he was previously convicted of an array of serious crimes, including unlawful weapons possession, burglary, and terroristic threats. Indeed, "[n]othing has changed with respect to my consideration of the section 3553(a) factors: they still provide an independent reason [to] not grant [Defendant's] renewed motion for release." *United States v. Peterson*, 16 Cr. 109, 2021 U.S. Dist. LEXIS 10783, at *12 (D. Conn. Jan. 21, 2021).

Based on the foregoing, I deny Serrano's motion for compassionate release without need to consider whether Serrano presents "extraordinary and compelling" circumstances. *Keitt*, 21 F.4th at 73.

I certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore, I deny *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall terminate ECF No. 873. She shall also mail a copy of this Order to Serrano.

SO ORDERED.

Dated:   April 8, 2025
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3