UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

UNITED STATES OF AMERICA,

-against-

ANTHONY SERRANO,

Defendant.

---------------------------------------------------------------- X

**ORDER DENYING MOTION FOR RECONSIDERATION**

13 Cr. 58 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

Defendant Anthony Serrano, pro se, filed this motion to reopen the case and for reconsideration. In 2015, Serrano was convicted, following a jury trial, of narcotics conspiracy, Hobbs Act robbery, and brandishing a firearm in furtherance of the Hobbs Act robbery and narcotics conspiracy. *See* ECF No. 512. Serrano was sentenced to 264 months imprisonment. The Second Circuit denied his direct appeal of his conviction in March 2016. ECF No. 568. Serrano subsequently filed several compassionate release motions and motions for habeas corpus, all of which were denied. *See* ECF Nos. 655, 665, 767, 790, 801, 804, 836, 872, 874. Serrano now moves under Federal Rule of Civil Procedure 60(b)(3) and (b)(6) to reopen Section 2255 proceedings and vacate his conviction under 18 U.S.C. 924(c)(4), arguing that his conviction is invalid under *Alleyne v. United States*, 570 U.S. 99 (2013).

Serrano's motion is denied. The motion seeks in substance to file a successive habeas petition, not to reopen a prior order, and thus must be treated as such. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) ("[S]uch a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly"). Serrano's motion makes new arguments challenging the substance of his trial, namely the jury instruction, and does

not challenge the merits or procedure of a prior habeas decision. New claims challenging the merits of his conviction, rather than the integrity of the ruling he wishes to reopen, amounts to a successive habeas petition and therefore requires authorization from the Second Circuit under 28 U.S.C. § 2255(h). *Id.* Without such authorization, I lack jurisdiction to reach the merits of the motion. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007) (per curiam).

Therefore, Serrano's motion is denied. I decline to issue a Certificate of Appealability because Petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and because Petitioner has failed to demonstrate a denial of a right that reasonable jurists would find debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk of Court shall terminate ECF No. 891 and mail a copy of this order to Serrano.

SO ORDERED.

Dated: October 8, 2026
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge